**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLIFTON HUTCHINS, Jr., | No. 22-15036 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01537-DAD-HBK |
| v. | |
| BILL LOCKYER; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted March 28, 2023[**]
San Francisco, California

Before: WALLACE, SILVERMAN, and N.R. SMITH, Circuit Judges.

Clifton Hutchins appeals pro se from the district court's summary judgment

in favor of Defendant-Appellee Dr. A. Johal on Hutchins's Eighth Amendment

claim for medical deliberate indifference. We review a summary judgment *de*

*novo*. *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in granting summary judgment to Dr. Johal on Hutchins's Eighth Amendment deliberate indifference claim. Dr. Johal was not deliberately indifferent to Hutchins's serious medical needs when Dr. Johal prescribed non-opioid painkillers to treat Hutchins's chronic pain. Dr. Johal submitted undisputed expert testimony that non-opioid pain medication is preferred for long-term pain treatment over opioid pain medication because of the addictive nature of opioid medications. Hutchins's disagreement with Dr. Johal about the type of medication he should receive does not mean that Dr. Johal was deliberately indifferent. *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). Hutchins failed to submit any rebuttal expert medical testimony, and his other counterarguments are based on mischaracterization of the record or bare assertions that cannot defeat summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Soremekum v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

Because we hold that Dr. Johal was not deliberately indifferent to Hutchins's serious medical need, we need not consider if Dr. Johal was entitled to qualified immunity.

**AFFIRMED.**[1]

---

[1] Hutchins does not challenge the dismissal of his other claims against Dr. Johal, nor the dismissal of his claims against the other defendants. Thus, he has waived any challenge to the district court's dismissal of those claims. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").